NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

JUL 20 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE ALFREDO SUAREZ,

        Plaintiff - Appellant,

v.

O. VALLADOLID; KEN CLARK, Warden;
B. CAMARGO; GAMBOA; T. HIENG,

        Defendants - Appellees.

No. 24-5286

D.C. No.
1:22-cv-00160-SAB

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Stanley Albert Boone, Magistrate Judge, Presiding

Submitted July 15, 2026**

Before: BERZON, NGUYEN, and OWENS, Circuit Judges.

Jose Alfredo Suarez appeals pro se from the district court's judgment, following a jury verdict, against his excessive force and retaliation claims. Suarez contends that the district court erred by denying his motion to continue the trial, by excluding certain trial evidence and testimony on relevance and hearsay grounds,

---

    \* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and by denying his multiple motions for appointed counsel.

We review the district court's evidentiary rulings for abuse of discretion and reverse only where error is prejudicial. *See City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1065 (9th Cir. 2017); *Boyd v. City & Cnty. of San Francisco*, 576 F.3d 938, 943 (9th Cir. 2009). We review for abuse of discretion a district court's ruling on a motion to continue. *See Bearchild v. Cobban*, 947 F.3d 1130, 1138 (9th Cir. 2020). We also review for abuse of discretion the district court's denial of a motion to appoint counsel for an indigent civil litigant. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

As the parties are familiar with the facts, we need not recount them here. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1. The district court did not abuse its discretion by denying Suarez a continuance after he contended that he was denied access to legal research materials. To determine whether a district court's denial of a continuance is an abuse of discretion, we may consider: (1) the moving party's diligence; (2) the impact of a continuance on the moving party's goal; (3) the inconvenience of a continuance to the court and other party; and (4) any prejudice of a denial toward the movant. *Bearchild*, 947 F.3d at 1138. Because the record supports the conclusion that Suarez fails to show prejudice from the denial, the district court did not abuse its discretion in denying the continuance request. *Id*.

24-5286

2. The district court did not abuse its discretion by excluding as irrelevant testimony at trial about Suarez's childhood encounter with law enforcement. *See Montera v. Premier Nutrition Corp.*, 111 F.4th 1018, 1035 (9th Cir. 2024) (citing Fed. R. Evid. 401 and 402). The court concluded that details about that unrelated incident were irrelevant to the excessive-force incident at issue. Excluding this evidence was well within the court's broad discretion under the Federal Rules of Evidence. *See M2 Software, Inc. v. Madacy Entm't*, 421 F.3d 1073, 1088 (9th Cir. 2005). And Suarez cannot show that this exclusion was prejudicial. *See Boyd*, 576 F.3d at 943.

The district court did not abuse its discretion by excluding Suarez's journals and other personal material as inadmissible hearsay. Suarez conceded that he sought to introduce his journals, letters, and videotaped interviews—which are out-of-court statements—for the truth of the matters asserted. The court properly concluded that this evidence was inadmissible hearsay, not subject to any exception or exemption. *See* Fed. R. Evid. 801–02. Moreover, because the court permitted Suarez to testify about the events reflected in those materials, he was not prejudiced. *See Boyd*, 576 F.3d at 943.

The district court did not abuse its discretion by excluding other grievances regarding Defendant Valladolid as both irrelevant and inadmissible hearsay. The district court reasonably concluded that such documents were: (1) out-of-court

24-5286

statements offered for the truth of the matter asserted not subject to any hearsay exception; and (2) irrelevant to Suarez's excessive-force claim arising from the April 20, 2020 showering incident. *See* Fed. R. Evid. 401, 801–02.

3. The district court did not abuse its discretion by denying Suarez's motion for the appointment of counsel. No constitutional right to appointed counsel exists in a civil rights action, and the court may seek volunteer counsel only under "exceptional" circumstances based on an evaluation of the litigant's likelihood of success and ability to articulate his claims given the complexity of the issues. *Palmer*, 560 F.3d at 970; *U.S. ex rel. Gardner v. Madden*, 352 F.2d 792, 793–94 (9th Cir. 1965); *see also* 28 U.S.C. § 1915(e)(1). The district court reasonably concluded that Suarez had not satisfied this standard. Suarez asserted that he had limited education and legal knowledge. Yet the court found that these circumstances are common to many incarcerated litigants. The ordinary effects of a litigant's incarceration do not, without more, constitute the exceptional circumstances warranting the appointment of counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). The district court further observed that Suarez's filings were coherent and demonstrated an understanding of his claims, which were not unusually complex. *Id*. Thus, the district court acted well within its discretion in denying Suarez's request for appointed counsel.

**AFFIRMED.**